UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

**DECISION AND ORDER**

-vs-

24-CR-6069-CJS-MWP

ELIAS AGANIS,

                    Defendant.

---

      This case was referred by text order of the undersigned, entered October 3, 2024, to Magistrate Judge Mark W. Pedersen, pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), ECF No. 39. On January 10, 2025, Defendant filed an omnibus motion, ECF No. 50, seeking *inter alia,* suppression of tangible evidence and statements.

      The tangible evidence at issue was seized from 50 Couch Street, Rochester, New York, pursuant to a search warrant, signed on April 13, 2023, by the Honorable Michael Dollinger, Monroe County Court Judge, and from 3818 Lake Ave., Apt. 3, Rochester, New York, pursuant to a search warrant, signed on October 10, 2023, by Magistrate Judge Pedersen. As to his motion to suppress tangible evidence, Defendant maintains that the search warrants are defective and lacked probable cause, since they "were based on alleged information from Confidential Sources who are alleged to be 'reliable,'" however, there "is no information in either Search Warrant Application establishing the reliability of the Confidential Sources."

      The statements at issue were the product of a custodial interrogation that occurred on April 14, 2023. As to his motion to suppress statements, Defendant maintains that he "did not knowingly and intelligently waive his rights," and that he "was coerced into giving the statements," since the "Agents promised the Defendant leniency and/or cooperation if

he cooperated and talked to them." With respect to Defendant's motion to suppress statements, Magistrate Judge Pedersen held a hearing on March 12, 2025, ECF No. 55.

On April 21, 2025, Magistrate Judge Pedersen filed a Report and Recommendation ("R&R"), ECF No. 59, recommending that Defendant's motion to suppress and his motion to suppress statements be denied. With respect to tangible evidence, Magistrate Judge Pedersen found that, as to both search warrants, the totality of circumstances established probable cause for the search and seizure that occurred at 50 Couch Street, as well as the search and seizure that occurred at 3818 Lake Avenue, Apt. 3. With respect to statements, Magistrate Judge Pedersen found that Defendant waived his Miranda rights with full awareness of his rights and the consequences, that his statements were not coerced or involuntary, and that he did not unequivocally ask for an attorney.

On May 27, 2025, Defendant timely filed objections to the R & R. In that regard, Defendant requests:

> that the Court reject the Magistrate Judge's search recommendation and suppress the tangible evidence on the ground that the search warrant affidavits were so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable, thereby barring application of the good faith exception to the exclusionary rule; to suppress the statements of the Defendant on the ground that during the interview, the Government Agents [hereinafter "Agents"] made promises to induce the Defendant to "help himself" so he would cooperate and give information; and find that the Agents violated the Defendant's Sixth Amendment right to counsel and therefore any incriminating statements elicited from the Agents should be suppressed.

Objections to Magistrate Judge's Report and Recommendations of April 21, 2025, P.1.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. In that regard, the Court has reviewed the R&R, along with two search warrants and supporting applications, the

transcript of the March 12, 2025 evidentiary hearing, ECF No. 58, as well Hearing Exhibit # 1, the video of the April 14, 2023 interview of Defendant. Upon such *de novo* review, the Court accepts Magistrate Judge Pedersen's proposed findings and recommendation.

Therefore, for the reasons set forth in Magistrate Judge Pedersen's R&R, ECF No. 59, Defendant's applications to suppress tangible evidence and statements, ECF No. 50, are denied.

IT IS SO ORDERED.

Dated:  Rochester, New York
        June 24, 2025

ENTER:

CHARLES J. SIRAGUSA
United States District Judge